Dolores F. DiBella (DD 9637)
PROSKAUER ROSE LLP
Eleven Times Square
New York, N.Y. 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
ddibella@proskauer.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANTHONY STOKES,

    Plaintiff,

vs.

JOHN STEPHENS a/k/a JOHN LEGEND, SONY MUSIC ENTERTAINMENT, COLUMBIA RECORDS, GETTING OUT OUR DREAMS, INC. d/b/a G.O.O.D. Music, JOHN DOES 1-20, fictitious persons, and XYZ CORPORATIONS 1-20, fictitious entities,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CASE NO.: 2:11-cv-03849 (SDW) (MCA)

ECF CASE

**ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

    Defendants JOHN STEPHENS a/k/a JOHN LEGEND ("Legend"), SONY MUSIC ENTERTAINMENT and COLUMBIA RECORDS (collectively "Sony Music," as Columbia Records has been erroneously sued as a separate legal entity), and GETTING OUT OUR DREAMS, INC. d/b/a G.O.O.D. Music ("GM," erroneously sued herein as GETTING OUT OUR DREAMS MUSIC) (all collectively, the "Defendants"), by their attorneys Proskauer Rose LLP, as and for their answer to the allegations set forth in the Verified Complaint ("Complaint") of ANTHONY STOKES ("Plaintiff"), hereby state as follows:

1) The Defendants deny each and every allegation set forth in Paragraph 1 of the Complaint.

2) The Defendants deny each and every allegation set forth in Paragraph 2 of the Complaint.

3) The Defendants deny each and every allegation set forth in Paragraph 3 of the Complaint.

4) The Defendants admit that this Court has federal question jurisdiction over this matter. The Defendants deny knowledge or information sufficient to form a belief as to whether this Court has diversity jurisdiction over this matter, and on that basis denies the same.

5) The Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and on that basis deny the same, except as follows: Defendant Legend admits that he is a citizen of the State of New York; Defendant Sony Music denies that it is a New York company but admits that it has a principal place of business in New York; Defendant Sony Music also denies that Columbia Records is a subsidiary label of Sony Music but admits that Columbia Records has a principal place of business in New York; and Defendant GM denies that it is a New York company but admits that it has a principal place of business in New York.

7) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis deny the same, except as follows: Defendant Sony Music admits that the allegedly infringing recording was promoted, marketed and sold in New Jersey and that Sony Music rents an office located in New Jersey.

8) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and on that basis deny the same.

9) Defendant Legend admits that he is a GRAMMY Award winning recording artist who resides in New York and recorded the sound recording entitled "Maxine's Interlude". Defendant Legend denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint, and on that basis denies the same. Defendants Sony Music and GM admit that Legend is a GRAMMY Award winning recording artist, and admit, upon information and belief, that Legend recorded the sound recording entitled "Maxine's Interlude". Defendants Sony Music and GM deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint, and on that basis deny the same.

10) Defendant Sony Music denies that it is the parent company of Columbia Records, that it is a corporation formed under the laws of Delaware, and that it has "agents" in New Jersey who distributed and promoted the allegedly infringing recording. Defendant Sony Music admits that, at all times material hereto, Sony Music was involved in the promotion and

marketing of Legend's recordings and conducted business in New Jersey.  Defendant Sony Music denies each and every remaining allegation set forth in Paragraph 10 of the Complaint.  Defendants GM and Legend deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and on that basis deny the same.

11)	Defendant Sony Music admits that Columbia Records is a record label, that Columbia Records promoted one or more of the allegedly infringing recordings, and that, at all times material hereto, Columbia Records was involved in the promotion and marketing of Legend's recordings.  Defendant Sony Music denies the remaining allegations set forth in Paragraph 11 of the Complaint.  Defendants GM and Legend deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and on that basis deny the same.

12)	Defendant GM denies that it is a corporation formed under the laws of the state of Delaware with offices located in the State of New York, and that it was involved in the promotion and marketing of the allegedly infringing recording.  Defendant GM denies that it distributed the allegedly infringing recording, was directly involved in the promotion and marketing of Legend, and regularly conducts business in the state of New Jersey.  Defendants Legend and Sony Music deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and on that basis deny the same.

13) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis deny the same.

14) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and on that basis deny the same.

15) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 15 of the Complaint, and on that basis deny the same.

16) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 16 of the Complaint, and on that basis deny the same.

17) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 17 of the Complaint, and on that basis deny the same.

18) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 18 of the Complaint, and on that basis deny the same, except that Defendant Legend denies indicating that he would listen to any demo recording that was presented to him under the circumstances alleged.

19) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 19 of the Complaint, and on that basis deny the same.

20) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 20 of the Complaint, and on that basis deny the same, except that the Defendants deny that *Maxine's Interlude* is Track 11 on the 16-track platinum album *Once Again,* and Defendant Legend denies having knowledge that the alleged *Where are You Now* Original Demo was the original expression of Stokes, and denies that he misappropriated any aspects of the musical composition to produce *Maxine's Interlude*.

21) The Defendants deny each and every allegation set forth in Paragraph 21 of the Complaint.

22) The Defendants note that there are two paragraphs of the Complaint numbered 22. The Defendants deny each and every allegation set forth in the first Paragraph numbered 22 of the Complaint to the extent that the same purport to provide a basis for a finding of liability, and otherwise respectfully refer the Court to expert musicologists for an analysis of any alleged musical or lyrical similarities between *Where are You Now* and *Maxine's Interlude*.

22) The Defendants note that there are two paragraphs of the Complaint numbered 22. The Defendants admit only the allegations set forth in the second Paragraph numbered 22 of the Complaint.

23) The Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24) The Defendants deny each and every allegation set forth in Paragraph 24 of the Complaint, except that Defendant Legend admits that he has, without the consent of Stokes, publicly performed *Maxine's Interlude* many times in concert performances between 2006 and the present, and Defendants Sony Music and GM deny knowledge or information sufficient to form a belief as to whether without the consent of Stokes, Defendant Legend has publicly performed *Maxine's Interlude* more than one hundred (100) times in concert performances between 2006 and the present.

25) The Defendants admit that in or about April 2008, a concert DVD of an April 2007 performance was released entitled "Live from Philadelphia," which featured *Maxine's Interlude*, and that DVD is offered for sale on various music online stores. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 25 of the Complaint, and on that basis deny the same.

26) The Defendants deny each and every allegation set forth in Paragraph 26 of the Complaint.

27) The Defendants deny each and every allegation set forth in Paragraph 27 of the Complaint.

28) The Defendants repeat and reallege the allegations contained in Paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29) The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and on that basis deny the same.

30) The Defendants deny each and every allegation set forth in Paragraph 30 of the Complaint.

31) The Defendants deny each and every allegation set forth in Paragraph 31 of the Complaint.

32) The Defendants deny each and every allegation set forth in Paragraph 32 of the Complaint.

33) The Defendants deny each and every allegation set forth in Paragraph 33 of the Complaint.

34) The Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

35) The Defendants repeat and reallege the allegations contained in Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36) The Defendants deny each and every allegation set forth in Paragraph 36 of the Complaint.

37) The Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

38) The Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint.

39) The Defendants deny each and every allegation set forth in Paragraph 39 of the Complaint.

40) The Defendants deny each and every allegation set forth in Paragraph 40 of the Complaint.

41) The Defendants repeat and reallege the allegations contained in Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42) The Defendants deny each and every allegation set forth in Paragraph 42 of the Complaint.

43) The Defendants deny each and every allegation set forth in Paragraph 43 of the Complaint.

44) The Defendants deny each and every allegation set forth in Paragraph 44 of the Complaint.

45) The Defendants deny each and every allegation set forth in Paragraph 45 of the Complaint.

46) The Defendants deny each and every allegation set forth in Paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

### Third Defense

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

Fourth Defense

The use by the Defendants of any allegedly copyrighted or other material owned and/or controlled by Plaintiff (of which Defendants assert that there was none) in any event, constitutes a fair use.

Fifth Defense

Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

Sixth Defense

Plaintiff has failed to join necessary and indispensible parties to this action.

Seventh Defense

Any alleged infringement of Plaintiff's alleged rights (of which Defendants assert that there was none) in any event, was undertaken in innocently.

Eighth Defense

Plaintiff's claims are barred by the doctrine of independent creation.

Ninth Defense

Plaintiff has failed to mitigate his alleged damages, and therefore is entitled to no relief, or to reduced relief.

Tenth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

Eleventh Defense

Plaintiff's claims are barred in whole or in part by the principles of consent, acquiescence, novation, and/or legal justification.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend its Answer to assert any such defenses.

**WHEREFORE**, the Defendants demand judgment against the Plaintiff: (a) dismissing the Complaint, with prejudice, (b) denying the relief requested by Plaintiff; (c) awarding the Defendants their costs, expenses, attorneys' fees and disbursements in connection with the defense of this action; and (d) granting them such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

Dated: New York, New York
September 13, 2011

        PROSKAUER ROSE LLP

        By: ___s/ Dolores DiBella_____
             Dolores F. DiBella (DD 9637)
             Eleven Times Square
             New York, New York 10036-8299
             Tel: (212) 969-3000
             Fax: (212) 969-2900
             ddibella@proskauer.com
             *Attorneys for Defendants*

**CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: New York, New York
September 13, 2011

        PROSKAUER ROSE LLP

        By: ___s/ Dolores F. DiBella_____
             Dolores F. DiBella (DD 9637)
             Eleven Times Square
             New York, New York 10036-8299
             Tel: (212) 969-3000
             Fax: (212) 969-2900
             ddibella@proskauer.com
             *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the following counsel of record for Plaintiff to be served with a copy of the foregoing document via ECF on this 13th of September 2011:

Louis D. Tambaro, Esq.
Marks & Klein, LLP
63 Riverside Avenue
Red Bank, New Jersey 07701
Telephone: (732) 747-7100
Facsimile: (732) 219-0625

Dated:  September 13, 2011

                                                __s/  Dolores F. DiBella_____
                                                Dolores F. DiBella (DD 9637)