

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Dolores F. DiBella
Attorney at Law
d 212.969.3758
f 212.969.2900
ddibella@proskauer.com
www.proskauer.com

November 17, 2011

**VIA ECF FILING AND FEDERAL EXPRESS OVERNIGHT DELIVERY**

The Honorable Madeline Cox Arleo
Martin Luther King, Jr. Federal Building and U.S. Courthouse
United States District Court, District of New Jersey
50 Walnut Street
Room 2060
Newark, NJ 07101

Re:   *Stokes v. Stephens, et. al,* 2:11-cv-03849 (SDW) (MCA)

Dear Judge Arleo:

On behalf of the Defendants in the above-referenced matter,[1] we submit this letter to the Court in support of Defendants' request to bifurcate discovery. During the October 27, 2011 status conference in this matter, Your Honor requested that we provide legal precedent supporting Defendants' contention that summary judgment may be granted to the defendant-parties in copyright matters even when the issue of "access" is contested or presumed. That precedent is substantial.[2]

By way of background, Plaintiff Anthony Stokes ("Plaintiff") alleges that Defendant Legend, the co-author of the musical composition and sound recording entitled "Maxine's Interlude," obtained access to and copied Plaintiff's song entitled "Where Are You Now," through an alleged encounter with Plaintiff after a concert in 2004. Defendant Legend has no recollection of the alleged encounter. Moreover, he did not, and would not, listen to any demo recording that was presented to him under the circumstances alleged by Plaintiff. Defendant Legend denies that he copied any part

---

[1] The Defendants are John Stephens a/k/a John Legend ("Legend"), Sony Music Entertainment and Columbia Records (collectively "Sony Music," as Columbia Records has been erroneously sued as a separate legal entity), and Getting Out Our Dreams, Inc. d/b/a G.O.O.D. Music ("GM," erroneously sued herein as Getting Out Our Dreams Music) (all collectively, the "Defendants").

[2] All of the cases cited in this letter will be sent to the Court in an alphabetically-arranged, bound hard copy.

**Proskauer»**

The Honorable Madeline Cox Arleo
November 17, 2011
Page 2

of "Where Are You Now" in "Maxine's Interlude," much less any protectable aspects of that work, and the Defendants collectively assert that there is no substantial similarity between "Where Are You Now" and "Maxine's Interlude"—a contention which will be supported by expert musicological analyses at the appropriate point in discovery.

Defendants have requested that, pursuant to the Court's discretionary powers, discovery in this case be bifurcated into a liability phase and damage phase to aid both the efficiency and economy of this litigation. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 U.S. Dist. LEXIS 4698, at *6-7 (N.D. Ill. Mar. 22, 2004) (on a copyright infringement claim, "[b]ecause…the distinct possibility exists that the issue of damages will never be reached, bifurcating discovery as to liability from that of damages will serve the goals of convenience, expedition and economy."). Defendants aver that there is no overlap of witnesses or documents in the two proposed phases of discovery. *See id.* (ordering discovery bifurcation where the "evidence necessary to establish liability will nominally, if at all, overlap with evidence relating to damages and therefore the risk of duplication and delay is minimal"). Moreover, because damages discovery in copyright matters is burdensome, time consuming and costly, Defendants assert that it should be avoided until necessary (particularly where, as here, Plaintiff's case for liability is demonstrably meritless).[3]

Bifurcation of discovery will not prejudice the Plaintiff in this matter. Defendants have already offered to provide Plaintiff with a summary of the Defendants' net profits from their exploitation of "Maxine's Interlude" and Legend's album entitled *Once Again* (which contained "Maxine's Interlude") for the relevant time period (i.e., from three years prior to the filing of the complaint in this action to date). This is more than sufficient for Plaintiff to estimate the "value of the case" in the unlikely event that he can establish liability, and bifurcation will allow the Plaintiff to reach the issue of liability as soon as possible. On the other hand, the failure to bifurcate this case will prejudice the Defendants, by forcing them to engage in burdensome, time consuming, costly, and potentially unnecessary financial discovery.[4]

---

[3] Plaintiff claims to have retained an expert musicologist, however, to date, Plaintiff has declined to produce to Defendants any expert report concluding that "Maxine's Interlude" is substantially similar to "Where Are You Now." Defendants are prepared to engage in expert discovery on the issue of liability simultaneously with fact discovery on the issue of liability, so as to expedite the determination of liability in this case.

[4] Damages discovery in copyright matters is particularly time-consuming and complex. In this case, it would include burdensome financial document production and calculations on topics such as: (1) each of the Defendants' gross revenue from the exploitation of "Maxine's Interlude," which is only a short interlude on *Once Again,* a successful album of a dozen full-length tracks; (2) each of the Defendants' deductible costs and expenses associated with its exploitation of "Maxine's Interlude" and *Once Again*; and (3) the percentage of each of the Defendants' profits, if any, earned from these exploitations attributable to the allegedly infringing material on that particular interlude-track. The parties must also undertake substantial analysis to determine what portion of the remaining profits is attributable to factors other than the allegedly infringing material, such as: (1) Defendant Legend's popularity, talents and celebrity; (2) the success of other tracks on the *Once Again* album; (3) the portions of "Maxine's Interlude" that are not claimed to be infringing; and (4) the marketing expertise provided by other Defendants to exploit *Once Again*. The damages calculation will require the retention of multiple experts, who will be required to submit reports and depositions, resulting in substantial expenditures for all parties.

**Proskauer»**

The Honorable Madeline Cox Arleo
November 17, 2011
Page 3

Importantly, phased discovery will afford Defendants the opportunity to file a dispositive motion on the issue of liability between the conclusion of liability discovery and the commencement of damages discovery, saving substantial time and cost for the Court and all parties.  When this issue was raised at the status conference, Your Honor requested that Defendants provide legal support for their argument that, even if an issue of fact existed concerning access to or copying of Plaintiff's song, this Court may still decide a dispositive motion as a matter of law based on the lack of "substantial similarity" between "Where Are You Now" and "Maxine's Interlude," as demonstrated by either expert music analyses or the Court's independent analyses.[5]

To that end, Defendants have identified the following cases, among others, in which courts have granted summary judgment for the defendant based on expert musicological analyses and/or the court's own analysis of the musical works, despite issues of disputed fact on access to the plaintiff's work.[6]  As indicated below, courts have granted summary judgment for the defendant in cases where the plaintiff's alleged circumstances of access are similar to that which Plaintiff Stokes alleges against Defendant Legend in this case.

- *Damiano v. Sony Music Entm't, Inc. and Bob Dylan*, 975 F. Supp. 623 (D.N.J. 1996).  In a music copyright infringement dispute, the court granted defendants' motion for summary judgment, although plaintiff had raised an issue of fact as to access by producing evidence that, after defendant Dylan's concerts, plaintiff was allowed backstage to give his work to Dylan or Dylan's agents.  While the court did not credit either side's experts (because the experts analyzed the wrong version of plaintiff's song), the court then undertook its own

---

[5] To prevail on his copyright infringement claim, Plaintiff Stokes must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original…The second element, copying, is comprised of two requirements: actual copying and improper appropriation." *Jean v. Bug Music, Inc.*, No. 00 Civ. 4022 (DC), 2002 U.S. Dist. LEXIS 3176, at *11-12 (S.D.N.Y. Feb. 25, 2002).  Where there is no direct or actual proof of copying, a plaintiff can attempt to establish copying circumstantially by showing "that the defendant had access to the copyrighted work and that substantial similarities exist between the defendant's work and the protectable elements of plaintiff's work." *Boone v. Jackson*, No. 03 CV 8661 (GBD), 2005 U.S. Dist. LEXIS 13172, at *8-9 (S.D.N.Y. June 30, 2005) (emphasis added).  However, "[i]n the context of a copyright infringement claim, summary judgment may be granted [for the defendant] when any similarities between the works relate only to non-copyrightable elements or when no reasonable jury could find the two works substantially similar." *Jean.* 2002 U.S. Dist. LEXIS 3176, at *15.

[6] Indeed, courts have granted motions to dismiss copyright claims under Fed. R. Civ. P. 12(b)(6) on the grounds that there was no substantial similarity between the two musical works.  *See Gottwald v. Jones,* No. 11 CV 1432 (CM), 2011 U.S. Dist. LEXIS 103414, at *10 (S.D.N.Y. Sept. 12, 2011) (dismissing a claim for music copyright infringement under Rule 12(b)(6) and finding that "this Court need not determine whether or not the [counterclaim plaintiffs] have satisfied their burden of alleging sufficient facts to show actual copying, because [the] counterclaim fails under the substantial similarity standard incorporated in the unlawful appropriation analysis"); *Pyatt v. Raymond,* No. 10 CV 8764 (CM), 2011 U.S. Dist. LEXIS 55754, at *22-23 (S.D.N.Y. May 19, 2011) (dismissing copyright claim under Rule 12(b)(6) "where the overall concept and feel of both songs is different," the lyrics of the songs are different, and "the only similarity between the songs is the phrase 'caught up,' which [] serves as the title of both songs and is spoken repeatedly by the narrator in both songs"; noting, however, the phrase "caught up" is "used commonly in everyday speech").

**Proskauer»**

The Honorable Madeline Cox Arleo
November 17, 2011
Page 4

>  analysis, finding that "to the ear of this court, there is no substantial similarity in the structure, instrumentation or melody of the two songs…[t]hese two songs 'speak' for themselves and no reasonable factfinder could find substantial similarity." *Id.* at 631.

- *Armour v. Knowles*, No. H-05-2407, 2006 U.S. Dist. LEXIS 67783 (S.D. Tex. Sept. 21, 2006).  In a music copyright infringement dispute, the district court granted defendants' motion for summary judgment based solely on its finding that the works at issue were not substantially similar.  Although the plaintiff presented evidence that she sent a copy of the song to the defendants (disputed by the defendants), which the court concluded "could raise a genuine issue of material fact on access," the court continued to the substantial similarity analysis.  The Court granted summary judgment for the defendants because the court conducted a side-by-side comparison of the songs and found that "no reasonable jury, if properly instructed, could find that the two songs are substantially similar." *Id.* at *11-12.

- *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939 (8th Cir. 1992).  In a music copyright infringement dispute, the Eighth Circuit affirmed the district court's grant of summary judgment in defendants' favor.  The court found that there was an issue of fact as to access because a contact at MCA passed plaintiff's demo tape on to an executive who subsequently worked with defendants in creating the allegedly infringing song.  However, "in order to survive summary judgment, [plaintiff] must not only demonstrate access but also must establish a substantial similarity between his work and the alleged copy." *Id.* at 945.  The appellate court then affirmed summary judgment for the defendants based on a lack of similarity between the two works because "[g]iven the strength of defendants' [four] experts [including a musicologist], [a] reasonable factfinder could not find substantial similarity." *Id.* at 946.

- *Brainard v. Vassar*, 625 F. Supp. 2d 608 (M.D. Tenn. 2009).  In a music copyright infringement dispute, the court granted summary judgment in defendants' favor.  The court held that there was a genuine issue of material fact as to access because plaintiff presented facts showing that plaintiff's song had been in the possession of defendant's manager and record label and that there was some indication that the label was prepared to forward the song to defendant.  However, the court held that there was no issue of fact as to similarity.  The court credited defendants' musicologists' analysis over that of plaintiff's musicologist, holding that "[w]hile the question is close, the court believes that, ultimately, a reasonable juror could not conclude that the songs are substantially similar based on this evidence." *Id.* at 621.

- *Johnson v. Gordon*, No. 99-10534-MLW, 2004 U.S. Dist. LEXIS 28759 (D. Mass. Mar. 15, 2004), *aff'd*, 409 F.3d 12 (1st Cir. 2005).  In a music copyright infringement dispute, the district court granted defendants' motion for summary judgment and the First Circuit affirmed.  The district court held that it need not address access because (1) defendants' motion was based solely on protectibility and substantial similarity, and (2) fact discovery had been stayed pending expert discovery. *Id.* at *16.  The court further held that there was

**Proskauer»**

The Honorable Madeline Cox Arleo
November 17, 2011
Page 5

> no substantial similarity because the deposition testimony of plaintiff's music expert, as well as the court's own analysis, revealed that any similarities between plaintiff's and defendants' works were either attenuated and undetectable by a lay listener or too common to be protectable. *Id.* at *23-25.  In affirming, the First Circuit concluded, "without serious question, that the plaintiff has failed to identify a degree of similarity sufficient to give rise to an inference that actual copying occurred.  Consequently, the plaintiff cannot, as a matter of law, establish the actual copying element requisite to his copyright infringement claim." *Johnson v. Gordon*, 409 F.3d 12, 29 (1st Cir. 2005).

> - *Griffin v. J-Records*, 398 F. Supp. 2d 1137 (E.D. Wash. 2005).  In a music copyright infringement dispute, the district court granted defendants' motion for summary judgment.  Although the court mentioned in its opinion that plaintiff offered theories as to how defendant could have accessed plaintiff's work, the court did not analyze access in granting summary judgment.  Instead, the court credited the testimony of defendants' music expert over that of plaintiff's expert, holding that plaintiff's expert did not sufficiently address substantial similarity in his report and did not rebut the opinion of defendants' expert that the works at issue were not substantially similar.  *Id.* at 1143.

> - *Steele v. Turner Broad. Sys., Inc.*, 646 F. Supp. 2d 185 (D. Mass. 2009).  In a music copyright infringement dispute, the district court granted defendants' motion for summary judgment.  The court did not analyze the access prong, but rather credited defendants' musicologist over plaintiff's, and held that no reasonable factfinder could find a substantial similarity between the works.  *Id.* at 190.

> - *See also,* in the context of non-music copyright, *Kootenia Homes, Inc. v. Reliable Homes, Inc.*, No. 00-1117 ADM/AJB, 2002 U.S. Dist. LEXIS 235 (D. Minn. Jan. 3, 2002).  Plaintiff brought suit alleging that defendants infringed plaintiff's copyright in its architectural designs.  The district court granted defendants' motion for summary judgment.  The court held that there was an issue of fact as to access because defendants' customer, who provided creative input to defendants, may have had access to plaintiff's work.  *Id.* at *13-14.  However, defendants' extensive documentary evidence of independent creation remained, and was not rebutted by Plaintiff.  *Id.* at 19.  Moreover, the court credited defendants' architectural expert over plaintiff's expert and found that there was not a substantial similarity between plaintiff's work and defendants' work.  *Id.* at *15-19.

Defendants would also like to draw the Court's attention to a number of cases, summarized below, where summary judgment was granted to the defendant-party based on a lack of substantial similarity, <u>even when access to the copyrighted work was presumed or conceded</u>.

> - *Boone v. Jackson*, No. 03 CV 8661 (GBD), 2005 U.S. Dist. LEXIS 13172 (S.D.N.Y. June 30, 2005).  In a music copyright infringement dispute, the court granted summary judgment in defendants' favor.  Notably, the defendants conceded access for purposes of summary judgment.  Notwithstanding this concession, the court found no substantial similarity

**Proskauer»**

The Honorable Madeline Cox Arleo
November 17, 2011
Page 6

   between the works at issue by both: (1) undertaking its own analysis regarding whether the phrase "holla back" was too common to be protectable and comparing the general aesthetics of the songs; and (2) crediting the testimony of defendants' expert regarding the background instrumentation of the songs. *Id.* at *12-17.

- *Velez v. Sony Discos*, No. 05 Civ. 0615 (PKC), 2007 U.S. Dist. LEXIS 5495 (S.D.N.Y. Jan. 16, 2007). In this music copyright infringement dispute, the court granted defendant's motion for summary judgment. Although the defendants conceded that they had access to plaintiff's work, the court was persuaded by defendants' music expert, and its own independent analysis, and found no substantial similarity between the works at issue. *Id.* at *15-16.

- *Jean v. Bug Music, Inc.*, No. 00 Civ. 4022 (DC), 2002 U.S. Dist. LEXIS 3176 (S.D.N.Y. Feb. 25, 2002). Plaintiffs brought a declaratory judgment suit seeking a declaration that their song did not infringe defendants' work. The court granted plaintiffs' summary judgment motion. Notably, plaintiffs conceded access for the purposes of the motion. While the court determined that the phrase "clap your hands" and its accompanying note sequence were similar, the court concluded, citing defendants' music expert, that those elements were too common to be protectable and there was no copyright infringement. *Id.* at *18-21.

- *McDonald v. Multimedia Entm't, Inc.*, No. 90 Civ. 6356 (KC), 1991 U.S. Dist. LEXIS 10649 (S.D.N.Y. July 19, 1991). In this music copyright infringement dispute, the court granted defendant's motion for summary judgment. The court noted that "several factual matters concerning the access issue are contested" but, for the purposes of the summary judgment motion, the court would "assume that plaintiff could demonstrate access[.]" *Id.* at *2, 7. Both parties proffered music experts to opine on the alleged similarity of the songs. The court credited defendant's expert's analysis and undertook its own analysis of the musical elements, and concluded that there was no substantial similarity and no copyright infringement. *Id.* at 292-94.

- *Currin v. Arista Records, Inc.*, 724 F. Supp. 2d 286 (D. Conn. 2010). In this music copyright infringement dispute, the court granted defendants' motion for summary judgment. Having presumed access for the purposes of the summary judgment motion, the court found plaintiff's music expert unqualified and held that his report was inadmissible. *Id.* at 291-92. The court then undertook its own musical similarity analysis of the two works, and held that no reasonable trier of fact could find the works substantially similar. *Id.* at 292-94.

- *See also,* in the context of non-music copyright, *Pino v. Viacom, Inc.*, No. 07-3313 (AET), 2008 U.S. Dist. LEXIS 24453 (D.N.J. Feb. 29, 2008). Plaintiff alleged that defendants' television show violated plaintiff's copyright in his screenplay. The court granted defendants' motion for summary judgment. Defendants conceded access solely for the

**Proskauer»**

The Honorable Madeline Cox Arleo
November 17, 2011
Page 7

>    purposes of the summary judgment motion.  The court performed its own substantial similarity analysis and found that "plaintiff [did] not satisf[y] the extrinsic test for substantial similarity with respect to any of the protectable elements of his work…and therefore has not raised any issue of material fact with respect to his copyright infringement claim."  *Id.* at *23.
>
> - *See also,* in the context of non-music copyright, *Porzilli v. CBS, Inc.*, No. 07-897, 1998 U.S. Dist. LEXIS 10689 (D.N.J. July 13, 1998).  Plaintiff alleged that defendant's television show infringed plaintiff's copyright in the "designs and treatments" for a morning news program.  *Id.* at *2.  The court granted summary judgment in defendant's favor even though defendant did not dispute access.  The court undertook an independent analysis of each allegedly copied element and held that defendant's work was not substantially similar to any of the protectable elements of plaintiff's work.  *Id.* at *24-45.
>
> - *See also,* in the context of non-music copyright, *Jackson v. Booker*, No. 10-5371 (JLL), 2011 U.S. Dist. LEXIS 86948 (D.N.J. July 27, 2011).  Plaintiff alleged that defendants' television show infringed plaintiff's copyright in his book of the same name.  The court granted summary judgment in defendants' favor.  Despite finding access, the court performed its own similarity analysis, outlining the similarities and differences between the works at issue and concluding that "these works lack[ed] sufficient similarity to conclude that the alleged infringer copied the work."  *Id.* at *5-6.

And, of course, if the Plaintiff in this case fails to prove that Legend had access to his song, and Defendants are able to demonstrate lack of substantial similarity, Defendants' summary judgment motion is further strengthened.

- *Vargas v. Transeau*, 514 F. Supp. 2d 439, 446-47 (S.D.N.Y. 2007) (granting summary judgment for defendants where court found no access and the court discredited plaintiffs' three experts, holding that "[p]laintiffs' case on summary judgment boils down to the contention that summary judgment may be avoided by producing any expert witness who testifies that one sound was sampled from another, regardless of how conclusory the statement may be and regardless of whether it contradicts the testimony of Plaintiffs' other witnesses.  That is not the law");

- *Ferguson v. NBC*, 584 F.2d 111, 114 (5th Cir. 1978) (affirming grant of summary judgment for defendant where plaintiff's theory of access required an implausible logical leap and there was no substantial similarity because, as defendant's expert opined, the only similarity between the works was a 3-note sequence that was not unique to plaintiff);

- *Landry v. Atl. Recording Corp.*, No. 04-2794, 2007 U.S. Dist. LEXIS 89046, at *7-9, 19-20 (E.D. La. Dec. 4, 2007) (granting summary judgment for defendant where court found no access because it was pure speculation that the music producers to whom plaintiff sent his recording gave the recordings to, or collaborated with, defendants; moreover, although the

**Proskauer»**

The Honorable Madeline Cox Arleo
November 17, 2011
Page 8

> parties proffered musicologists with conflicting opinions, the court broke the tie with its own analysis, holding that a layman would not view the works as similar);
>
> - *Chafir v. Carey*, No. 06 Civ. 3016 (KMW), 2007 U.S. Dist. LEXIS 68397, at *17 (S.D.N.Y. Sept. 14, 2007) (granting summary judgment for defendants where court found no access and, although both parties proffered experts, the court agreed with defendants' expert that any similarity between the works consisted of "'basic, non-protectible musical elements' common to other popular music compositions");
>
> - *Jorgensen v. Careers BMG Music Publ'g*, 2002 U.S. Dist. LEXIS 12623, at *14 (S.D.N.Y. July 10, 2002) (court granted summary judgment in defendants' favor finding that "bare corporate receipt of plaintiff's work, without more" was insufficient to prove access, and plaintiff's musicologists' reports did not contain enough specifics to raise a triable issue of fact);
>
> - *Lassin v. Island Def Jam Music Group*, No. 04-22320-CIV-Huck/Simonton, 2005 U.S. Dist. LEXIS 43862, at *12-14 (S.D. Fla. Aug. 8, 2005) (granting summary judgment where the court found no access and, based on the report of defendants' music expert, the court held that the only elements that the plaintiff's and defendants' works had in common were common to many works and therefore not protectable elements).
>
> ********************************************************************

Under the precedent described in this letter, it is clear that, notwithstanding any potential factual dispute relating to access, this Court may grant summary judgment on the issue of liability to the Defendants should they demonstrate a lack of substantial similarity between the works in issue. Therefore, Defendants respectfully renew their request that discovery in this case be bifurcated so that liability discovery may proceed first and Defendants may have an opportunity to move for judgment as a matter of law before undertaking the burden and cost of damages discovery.

Respectfully submitted,

*/s/ Dolores DiBella*

Dolores F. DiBella

Enclosures

cc:   Charles B. Ortner, Esq.
      Sandra A. Crawshaw-Sparks, Esq.
      Louis D. Tambaro, Esq., Counsel for Plaintiff (via ECF w/o encl.; via FedEx w/encl.)